UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYCHANH CHANTHABOURY,<br><br>　　　　Defendant. | No. 2:12-cr-00188-GEB<br><br>**ORDER DENYING DEFENDANT'S REQUEST TO SEAL DOCUMENTS** |

On November 26, 2013, Defendant Sychanh Chanthaboury ("Defendant") submitted for in camera consideration a "Request to Seal Documents" ("Sealing Request"), his counsel's declaration, a proposed sealing order, and two documents. The documents sought to be sealed are referenced in a publicly filed "Notice of Request to Seal Documents" ("Notice") as "a psychological evaluation of [D]efendant and an interview of a witness who speaks to [D]efendant's mental state." (Def.'s Notice, ECF No. 54.) Defendant states these documents are intended to be attachments to Defendant's Sentencing Memorandum and Formal Objections to the Presentence Investigation Report. (Def.'s Sentencing Mem. 3:6-11, ECF No. 53).

The Notice states in its entirety:

> Defendant hereby files this Notice of Request to Seal Documents pursuant to Local Rule of Court 141 and Rules 49 and 49.1 of the Federal Rules of Criminal Procedure. The documents sought to be sealed are a

1

> psychological evaluation of defendant and an interview of a witness who speaks to defendant's mental state. The Request to Seal including Declaration of Counsel, Proposed Order to Seal and the Documents themselves were emailed to the email for submitting proposed orders for the Hon. Garland E. Burrell, Jr. and notice was given to AUSA Michael Beckwith and USPO Lisa Hage via email.

(Id.)

Defendant's Notice fails to comply with Local Rule 141(b), which prescribes in relevant part that the publically filed Notice shall set forth "the basis for sealing." Rather, Defendant articulates his reasons in seeking to file the referenced documents under seal only in the Sealing Request, which is not filed on the public docket.

Further, Defendant's Sealing Request does not address applicable sealing law. Local Rule 141(b) prescribes that the moving party's "'Request to Seal Documents' shall set forth the statutory or other authority for sealing."

The Ninth Circuit has held that "the First Amendment right of access applies to sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1229 (9th Cir. 2012). "This right of access extends to materials submitted to the Court in connection with sentencing that the Court is asked to consider." United States v. King, No. 10 Cr. 122(JGK), 2012 WL 2196674, at *1 (S.D.N.Y. June 15, 2012) (citations omitted); United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (stating "the public has a strong right to sentencing memoranda under the First Amendment"). "Such materials include, for example, letters submitted in support of the defendant's sentencing submissions,

and medical records on which the Court is asked to rely as a factor in mitigation in favor of the defendant." King, 2012 WL 2196674, at *1 (citation omitted). "Access to such documents is warranted because they have a direct bearing on sentencing which is a quintessential judicial function. The defendant, the government[,] and the public all have a right to know what information influences a judicial assessment of reasonable punishment." United States v. Strevell, No. 05-CR-477 (GLS), 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009). The First Amendment right of access "can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Oregonian Publ'g Co. v. U.S. Dist. Court, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1985)).

Here, Defendant's arguments evince he "has chosen to introduce . . . medical [and other] information in an attempt to mitigate his sentence." Dare, 568 F. Supp. 2d at 244. However, Defendant has not shown that an overriding right or interest outweighs "the public right to th[is information]," which he has submitted to "inform the Court's sentencing." Id.; see also Strevell, 2009 WL 577910, at *5 ("[A] defendant's privacy rights are generally subservient to the higher public value of access."); King, 2012 WL 2196674, at *2-3 (denying a defendant's request to file sentencing documents under seal where the documents "relate to medical conditions that the Court [was] asked to consider in arriving at the sentence").

3

1    Further, Defendant has not shown that his sealing
2    request is "narrowly tailored." See generally Lahrichi v. Lumera
3    Corp., No. C04-2124C, 2007 WL 1521222, at *2 (W.D. Wash. May 22,
4    2007) (describing the particularity required in making a sealing
5    request and stating the "guiding principle . . . is that as much
6    information as possible should remain accessible to the public
7    and no more should be sealed than absolutely necessary"). For
8    example, Defendant quotes and summarizes in the publically filed
9    Sentencing Memorandum information contained in the documents
10   sought to be sealed, and thus belies his request that all
11   portions of the documents should be sealed. (See Def.'s
12   Sentencing Mem. 3:4-6:2.)

13   For the stated reasons, Defendant's Sealing Request is
14   DENIED. Since Local Rule 141(e)(1) prescribes that if a sealing
15   "[r]equest is denied in full or in part, the Clerk will return to
16   the submitting party the documents for which sealing has been
17   denied," the documents Defendant emailed to the courtroom deputy
18   clerk for judicial in camera consideration are treated as having
19   been returned to Defendant. United States v. Baez-Alcaino, 718 F.
20   Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge
21   denies a sealing request the party submitting the request then
22   decides how to proceed in light of the ruling).

23   Dated: December 5, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4